### ERIE R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

#### No. 30.

CARRIERS (§ 211*)—TRANSPORTATION OF LIVE STOCK—28-HOUR LAW—CONSTRUCTION—ROOM IN CARS.

Where cars provided for the transportation of cattle were sufficiently large to enable all the cattle to lie down at different times, but not suf-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ficient to permit all of them to lie down at the same time, they were *not sufficient to exempt the carrier from the duty to unload for rest,* under the 28-hour law (Act March 3. 1873, c. 252, 17 Stat. 584; Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]).

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*

Liability of carrier for failure to feed, water, and rest live stock, and for violation of 28-hour law, see note to St. Joseph Stockyard Co. v. United States, 110 C. C. A. 435.]

In Error to the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Action by the United States against the Erie Railroad Company to recover a penalty for violation of the 28-hour law, on account of the alleged confinement of a shipment of four car loads of cattle for a period in excess of 36 hours in cars which did not provide space or opportunity for the animals to rest. Judgment for plaintiff (191 Fed. 941), and defendant brings error. Affirmed.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y. (John W. Ryan, of Buffalo, N. Y., of counsel), for plaintiff in error.

John Lord O'Brian, U. S. Atty., of Buffalo, N. Y.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The action is brought under the so-called 28-hour law of 1873 (Act March 3, 1873, c. 252, 17 Stat. 584; Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]), entitled "An act to prevent cruelty to animals while in transit by railroad, etc.," which provides that cattle, sheep, etc., shall not be confined in railroad cars for a longer period than 28 consecutive hours (or upon written request of the owner 36 consecutive hours) without unloading the same in a humane manner into properly equipped pens for rest, water, and feeding for a period of at least 5 consecutive hours. The cattle in this case were confined for 65 consecutive hours, and the only question in the case arises upon the construction of the third section of the statute. This relieves the railroad from the obligation of complying with the provisions as to unloading—"when animals are carried in cars in which they can and do have proper food, water, space and opportunity to rest."

These animals were transported in cars specially arranged so as to secure to them, concededly, proper food and water. The number and weights of the cattle in each car are shown in the record. There is some dispute as to the space that a single animal would occupy when lying down; but that is immaterial, because it is admitted in the brief of plaintiff in error that in three out of four cars there was not space sufficient to allow all the animals to lie down at the same time. In one of the cars two animals would be left without sufficient space to lie down; in each of two other cars one animal would be in like condition; in the other car all could lie down at once; but the shipment is to be considered as a whole, and if the law were violated in

any single car of this shipment the penalty imposed by the statute would be incurred.

The only question in the case is whether the circumstance that all the cattle in a car cannot obtain rest by lying down at the same time will prevent a railroad from availing itself of the provisions of the third section, when the car is so large that, if the movements of the cattle were regulated in some way, all of them might secure proper opportunity to rest at one time or another.

It seems to us that it is the object of the statute to secure to every animal in the shipment proper space and opportunity to rest. Not only is cruelty to a single one "cruelty to animals," but the landing of a single one in a condition bad for slaughtering exposes the persons who may eat the meat from that one carcass to a risk which might not exist if this statute were strictly conformed to. Every animal in this shipment might have proper opportunity to rest if they all agreed to take turns in occupying space. But such agreement could not be brought about, and, for aught that any one can tell, two or three or four cattle of this shipment may have been deprived of the opportunity to rest, even for the 8 hours out of every 24, which is the lowest period of rest contended for by the defendant. Our own impression from the testimony is that, if sufficient space were afforded, the cattle would, on such a journey as this lie down for a much longer part of the 24 hours, and that considerably more than 8 hours a day rest should be secured to every one of them.

The judgment is affirmed.